IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BAXTER HEALTHCARE CORPORATION**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**JOHN BOND**, an individual,<br><br>Defendant. | No. 08 C 1206<br><br>Judge Amy J. St. Eve<br><br>Magistrate Judge Martin C. Ashman |

**PLAINTIFF'S MOTION FOR LIMITED,
EXPEDITED DISCOVERY AND TO PRESERVE EVIDENCE**

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, Plaintiff BAXTER HEALTHCARE CORPORATION ("Baxter") moves this Court for leave to conduct limited, expedited discovery on issues raised by Baxter in its Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief and for an order directing Defendant JOHN BOND ("Bond") to preserve all originals and copies of hard copy and electronic evidence, including but not limited to all disks, personal data assistants, hard drives and electronic storage devices in his possession, custody or control to which Bond had access and on which Baxter's information may currently or have previously existed and all electronic mail, electronic mail accounts, and printouts of those emails, in his personal email account. In support of this Motion, Baxter states as follows:

1.  Baxter has brought this action seeking injunctive and other relief against Bond, one of its former employees, alleging violations of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* and for breach of contract and conversion.

CH1 11416799.1

2. Baxter has filed a Verified Complaint and an Emergency Motion For Temporary Restraining Order and Preliminary Injunction which fully detail the facts giving rise to this action. In summary, Bond improperly and unlawfully removed confidential and proprietary information without Baxter's authorization from Baxter on electronic removable memory devices ("USB memory devices") and attempted to conceal such removal through the use of disk scrubber software upon his voluntary resignation from Baxter.

3. To present the facts of this case to the Court as completely as possible for purposes of Baxter's Motion for Preliminary Injunction and to discover the full extent of Bond's unlawful activities and the corresponding damage being done or already done to Baxter, Baxter must conduct certain limited, expedited discovery. Specifically, Baxter wishes to obtain documents and other tangible items, conduct a forensic examination of any computers, hard drives or other electronic media storage devices that may contain Baxter's confidential and proprietary information, inspect Bond's personal email accounts for emails sent from his Baxter email account, and take Bond's oral deposition, as well as propound limited interrogatories.

4. If Baxter is required to wait to take discovery in the normal course, it will be forced to present its Motion for a Preliminary Injunction on an incomplete record and will continue to suffer irreparable injury while discovery proceeds in the ordinary course. On the other hand, by allowing expedited discovery, the Court will be in a better position to consider Baxter's Motion for a Preliminary Injunction.

5. Rule 26(d) of the Federal Rules of Civil Procedure authorizes this Court to enter an Order permitting expedited discovery, and expedited discovery is appropriate in connection with preliminary injunction motions seeking to prevent irreparable injury. *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D. D.C. 1996) ("Expedited discovery is

particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (expedited discovery would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing); *Consumer Sales & Marketing, Inc. v. Digital Equip. Corp.*, 1995 U.S. Dist. LEXIS 13374 (N.D. Ill. Sept. 11, 1995) (extending temporary restraining order and allowing expedited discovery to prepare for preliminary injunction hearing); Advisory Committee Notes to Fed. R. Civ. P. 26(d) ("Discovery can begin earlier . . . in some cases, such as those involving requests for a preliminary injunction . . .").

6.  Here, the limited, expedited discovery Baxter seeks is simply to require Bond to produce certain documents and things, to answer interrogatories, to appear for his deposition, and to permit Baxter to examine his personal email accounts and his computer and other media storage devices, that may contain Baxter's confidential and proprietary information.

7.  Baxter is fully prepared to issue discovery upon entry of an order granting this motion.

8.  In addition, in order to allow the Court to effectively and completely evaluate the evidence relevant to this matter, Baxter respectfully requests an Order preserving all evidence relevant to the determination of Baxter's claims. This includes, but is not limited to, hard copy or electronic files or documents, computer files, hard drive data, ambient data, electronic mail messages, instant messages, contracts, invoices, and phone logs in Bond's custody or control or otherwise available to Bond concerning or relevant to the issues set forth in the Verified Complaint.

CH1 11416799.1

9. While an Order preserving evidence will not prejudice Bond, it will ensure that the Court has all the relevant information available to it as it considers Baxter's claims and the damage that Baxter has suffered as a result of Bond's conduct.

WHEREFORE, Plaintiff Baxter Healthcare Corporation respectfully requests that the Court enter an Order:

a) requiring Bond to respond to Baxter's written discovery within seven (7) days of service;

b) requiring Bond to produce for inspection, within seven (7) days, any and all electronic devices that may contain Baxter's trade secrets and other confidential information, including, but not limited to, any home and work computers, flash drives, PDAs, and other external storage devices;

c) requiring Bond to provide access for inspection, within seven (7) days, all email accounts to which Bond has access;

d) requiring Bond to appear for his deposition no later than March 14, 2008; and

e) requiring the preservation of all evidence relevant to the facts and circumstances alleged in Baxter's Verified Complaint.

A proposed Order is annexed as Exhibit A.

**Date: February 28, 2008**　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　BAXTER HEALTHCARE CORPORATION

　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Louis S. Chronowski
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Michael D. Wexler
Louis S. Chronowski
Janet V. Siegel
Dana Orr
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11416799.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BAXTER HEALTHCARE CORPORATION**, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 1206 |
| v. | ) ) | [PROPOSED] ORDER GRANTING |
| **JOHN BOND**, an individual, | ) ) | LIMITED EXPEDITED DISCOVERY AND TO PRESERVE EVIDENCE |
| Defendant. | ) ) ) | |

## ORDER

Upon consideration of Plaintiff, Baxter Healthcare Corporation's ("Baxter"), Motion for Limited, Expedited Discovery and to Preserve Evidence and any opposition thereto, and having heard the arguments of counsel,

IT IS HEREBY ORDERED:

1. Baxter's Motion for Limited, Expedited Discovery and to Preserve Evidence is GRANTED and Baxter is permitted to conduct discovery prior to the time specified in the Federal Rules of Civil Procedure Rule 26 for the purpose of developing evidence related to Baxter's Motion for Preliminary Injunction.

2. In particular, Defendant John Bond shall respond to Baxter's written discovery within seven (7) days of service. Defendant is hereby ordered to appear for his deposition no later than March 21, 2008.

3. Further, Defendant shall produce for inspection, within seven (7) days of entry of this Order, any and all electronic devices that may contain Baxter's trade secrets and other confidential information, including, but not limited to, any home and work computers, flash drives, PDAs and other external storage devices.

4.	Defendant shall also provide access for inspection, within seven (7) days of entry of this Order, to all email accounts to which he has access.

5.	Defendant and anyone acting on his behalf who receives notice of this order is hereby ordered to preserve any and all documents, data, information or other evidence that relates in any way to Baxter or that is or may be pertinent to any of the allegations, facts, claims or circumstances set forth in Baxter's Verified Complaint or this action, including without limitation, any data on any computers or computer storage media owned, used by or under the control of Defendant or anyone acting in concert with him.

IT IS SO ORDERED.

DATED this ___ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE