**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BAXTER HEALTHCARE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1206 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| JOHN BOND, an individual, | ) | Magistrate Judge Martin C. Ashman |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER

Plaintiff Baxter Healthcare Corporation ("Baxter") and Defendant John Bond ("Bond"),

pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules 5.8 and 26.2 of the United

States District Court for the Northern District of Illinois, respectfully request that this Court enter

a Protective Order with respect to the use and disclosure of certain confidential and proprietary

information. In support of this motion, the Parties state as follows:

      1.     On February 28, 2008, Baxter filed a Verified Complaint and Emergency Motion

for Temporary Restraining Order and Preliminary Injunctive Relief against Bond, one of its

former employees, alleging that Bond violated the Computer Fraud and Abuse Act, 18 U.S.C.

§ 1030 *et seq.,* and the Illinois Trade Secrets Act, 765 ILCS § 1065, *et seq.,* and that he

converted Baxter's property and breached the confidentiality provisions of his employment

agreement with Baxter. Baxter also filed a Motion for Limited, Expedited Discovery and to

Preserve Evidence.

      2.     Upon referral from the Court, on March 4, 2008 Magistrate Judge Ashman heard

Baxter's motion for a temporary restraining order and Baxter's motion for limited, expedited

discovery and to preserve evidence. That same day, Judge Ashman granted the motion to

preserve evidence without objection and, following argument, granted the motion for limited, expedited discovery by both Parties. On March 10, 2008, Judge Ashman issued a Report and Recommendation to the Court recommending that Baxter's motion for a temporary restraining order be granted in part (as to the use and disclosure of Baxter's confidential information) and denied in part (as to the activity restriction on Bond's new employment). Judge Ashman further recommended that the matter be set for a hearing on Baxter's motion for a preliminary injunction within a short period of time reasonable to all Parties.

3.     Baxter subsequently served Bond with requests for production of documents, interrogatories, and a notice of deposition. Baxter also served Bond's new employer, Moog Inc. ("Moog"), with a subpoena for documents and a deposition pursuant to Fed. R. Civ. P. 30(b)(6). Bond served discovery on Baxter in the form of requests for production of documents, interrogatories, and requests to admit.

4.     The requested discovery will involve the production of confidential personal and proprietary business and financial information, the disclosure of which could cause substantial harm to the business or privacy interests of Baxter and Bond, as well as Bond's new employer, Moog.

5.     All Parties seek to preserve the privacy and property interests in any such confidential and proprietary business information without unduly encroaching upon the public's right to be informed of judicial proceedings. The Parties also seek to facilitate the prompt production of responses to each Party's discovery requests and to adequately protect trade secret and confidential information produced in this case.

6.     Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rules 5.8 and 26.2 of the United States District Court for the Northern District of Illinois,

CHI 11433898.1

the Parties agreed to seek the entry of a Protective Order limiting the use and disclosure of certain information produced or otherwise discovered, and also agreed to be bound by the terms and restrictions of the Protective Order.

7.      To this end, the Parties have agreed upon a proposed Protective Order to govern discovery in this matter.

WHEREFORE, Plaintiff Baxter Healthcare Corporation and Defendant John Bond jointly request the entry of the proposed Protective Order attached as Exhibit A.

**DATED: March 12, 2008**               Respectfully submitted,

BAXTER HEALTHCARE CORPORATION

By:    /s/ Louis S. Chronowski
_____
                              One of Its Attorneys

Michael D. Wexler
Louis S. Chronowski
Janet V. Siegel
Dana Orr

Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone:    (312) 460-5000
Telecopier:    (312) 460-7000

ATTORNEYS FOR PLAINTIFF

CH1 11433898.1

Respectfully submitted,

JOHN BOND

By:   /s/ Jon E. Klinghoffer
_____
One of His Attorneys

Michael D. Karpeles
David E. Morrison
Jon E. Klinghoffer
Matthew K. Organ

Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd.
55 E. Monroe Street
Suite 3300
Chicago, IL 60603
Telephone:   (312) 201-4000
Telecopier:   (312) 332-2196

ATTORNEYS FOR DEFENDANT

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BAXTER HEALTHCARE CORPORATION,    )
                                                 )
             Plaintiff,                )
                                                 )     Case No. 08 C 1206
          v.                      )
                                                 )     Judge Amy J. St. Eve
JOHN BOND, an individual,            )
                                                 )     Magistrate Judge Martin C. Ashman
            Defendant.             )
                                                 )

## AGREED PROTECTIVE ORDER

This Agreed Protective Order shall govern discovery in this lawsuit. All parties to this lawsuit and third parties required to produce documents or give testimony in this lawsuit shall adhere to the Protective Order's terms and conditions.

IT IS ORDERED THAT:

1. All Protected Information produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Protected Information," as used herein, means any information of any type, kind or character that is designated as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only,"* whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a response to a written discovery request, or otherwise. "Protected Information" may include, but is not limited to, (i) proprietary technical information and specifications, (ii) trade secrets, (iii) confidential know-how, (iv) proprietary business, marketing,

- 1 -

licensing, strategy, forecast, customer, cost, pricing, research, development, and financial information and any other information having commercial value to the disclosing party or third party and (v) personal information relating to any party or employee of any party.    "Protected Information" does not include information that:  (i) is in the public domain at the time of disclosure, through no fault of the party challenging the designation; (ii) becomes part of the public domain through no fault of the party challenging the designation, (iii) was in the receiving party's rightful and lawful possession at the time of disclosure; or (iv) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; and such information shall not be designated as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only."*

      3.    "Qualified Persons," as used herein, means:

      (a)    Outside counsel who have made an appearance in this litigation and outside counsel for any third party required to produce documents or give testimony in this lawsuit and secretarial, clerical, litigation support and paralegal personnel regularly employed by such outside counsel to whom it is necessary that the Protected Information be shown for purposes of this litigation;

      (b)    Bonafide outside consultants and experts and their clerical and support staff specifically engaged by counsel or the parties to assist in this litigation, provided such experts are not a competitor of any party to or third party required to produce documents or give testimony in this litigation.

      (c)    Officers, in-house counsel, or other employees of a party or any third party required to produce documents or give testimony in this lawsuit who (i) have decision making

authority for the party in or third party to this litigation, or (ii) are actively engaged in assisting that party's or third party's outside attorneys in the conduct of this litigation.

(d)    The Court, other court officials (including court reporters) and the jury or other trier of fact.

(e)    factual witnesses who agree to comply with and be bound by the requirements of this Order and whose role as a witness is such that they have a genuine need to know the Protected Information.

(f)    any other person as to whom the producing party or third party agrees in writing or as to whom a court order has been obtained.

4.    Information designated as *"Confidential"* information shall not be disclosed or made available by the receiving to anyone other than a Qualified Person. Information designated as *"Highly Confidential - Attorneys' Eyes Only"* shall not be disclosed to anyone other than the Qualified Persons described in subparagraphs 3(a) and (d) above.

5.    Before any disclosure of Protected Information is made to one of the Qualified Persons identified in subparagraphs 3(a), (b), (c), (e), and (f), the following must occur:

(a)    The individual to whom disclosure is to be made must be given a copy of this Order, and the provisions of this Order must be explained to the individual to whom disclosure is to be made by an attorney;

(b)    Except for counsel with appearances on file, the individual to whom disclosure is to be made must sign an undertaking in the form of the attached Exhibit A (such signed document to be retained by the attorney retaining such person) and agree to be subject to the jurisdiction of this Court;

- 3 -

(c)    Counsel for the party or for any third-parties required to produce documents or give testimony in this lawsuit that are disclosing Protected Information to one of the Qualified Persons identified in Paragraph 3, except for subparagraph 3(d), must keep a list of all such persons to whom such disclosures are made and must make the list available to the party or third party designating the information as Protected Information upon request of the designating party or third party after the conclusion of this matter and only prior to the conclusion of this matter if good cause is shown.

6.    Copies of *"Highly Confidential - Attorneys' Eyes Only"* information provided to a receiving party shall be maintained ***only*** in the offices of outside counsel for Plaintiff(s) and Defendant(s).

7.    Documents produced in this action may be designated by the producing party or third party as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* information by marking each page of the document(s) so designated with a stamp identifying the producing party or third party along with the designation *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only."* In lieu of marking the original of a document, if the original is not produced, the designating party or third party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

8.    Information disclosed at (i) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (ii) the deposition of a third party, and the information pertains to a party or any third-parties required to produce documents or give testimony in this lawsuit, may be designated by any party or third party as Protected Information by indicating on the record at the deposition that the testimony or any portion thereof is *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"*

- 4 -

and is subject to the provisions of this Agreed Protective Order. Any party or third party required to produce documents or give testimony in this lawsuit may also designate information disclosed at such depositions as Protected Information by notifying all of the parties in writing, within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* thereafter. Each party or third party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as *"Highly Confidential - Attorneys' Eyes Only"* for a period of twenty (20) days after the receipt of the transcript. Any portion of a deposition designated *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"*, or any separately bound volume so designated, shall not be filed with the Court, except in accordance with paragraph 15 of this Order.

9.    With respect to any materials designated as *"Confidential"* or *"Highly Confidential Attorneys' Eyes Only"* that is not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper or tangible form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party or third party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" or "Attorneys' Eyes Only" and shall inform all counsel in writing of the *"Confidential"* or *"Attorneys' Eyes Only"* designation of such Material at the time such Material is produced.

10.    Documents previously produced without a *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* designation may be retroactively designated as such by notice in writing of the designated class of each document identified by Bates number within ten (10) days of the entry of this Agreed Protective Order. Documents unintentionally produced as *"Confidential"* may be retroactively designated as *"Confidential" "Highly Confidential - Attorneys' Eyes Only"* in the same

manner and shall be treated appropriately from the date written notice of the updated designation is provided to the receiving party.

11.     Nothing herein shall prevent disclosure beyond the terms of this Agreed Protective Order if each party or third party designating the information as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* consents to such disclosure in writing or if the Court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any attorney of record from utilizing *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* information, irrespective of which party or third party produced such information.  Nor shall anything herein prevent any attorney of record from utilizing *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* information in the examination or cross-examination of any person who is an officer, director or employee of the party or third party so designating the information as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* or of the party or third party that produced the information.  Further, any use pursuant to this Paragraph of Protected Information marked *"Confidential"* may not be made in the presence of any person not a "Qualified Person" under Paragraph 3 and who has not signed an Acknowledgment (Exhibit A). Provided that a party who designates a document or information as *"Confidential" or "Highly Confidential Attorney's Eyes Only"* may not use or attempt to introduce that document or information as an unsealed exhibit in court or present same to an unqualified witness unless the party seeking to introduce or utilize the subject document or information first obtains authorization from the Court or the express written consent of counsel for the opposing parties.; and any use pursuant to this Paragraph of Protected Information marked *"Highly Confidential – Attorneys' Eyes Only"* may not be made in the presence

- 6 -

of any person other than those being examined and outside counsel, unless the designating party or third party agrees otherwise.

12.    Any party may move the Court to amend any portion of this Order, including amendment to permit actual trial witnesses access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for their testimony.

13.    If a party or third party inadvertently discloses any document or thing containing information that it deems Protected Information without designating it as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only,"* the disclosing party or third party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only,"* as the case may be, pursuant to this Agreed Protective Order.  To the extent such Protected Information may have been disclosed to persons other than Qualified Persons described in this Agreed Protective Order, the receiving party shall make every reasonable effort to retrieve the Protected Information promptly from such persons and avoid any further disclosure to non-Qualified Persons.

14.    If any party elects to challenge the designation of confidentiality of any document, designation of deposition testimony, or other information marked *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* pursuant to this Order, that party shall notify the producing party or third party of its challenge, in writing, within twenty (20) calendar days of receipt of the challenged designation.  No challenge to the confidentiality of any document or information so designated shall thereafter be permitted except upon a showing of good cause.  Within five (5) days of the receipt of such written notice, the party or third party designating as Confidential the document or information in  question will either voluntarily remove the *"Confidential"* or *"Highly Confidential*

- *Attorneys' Eyes Only"* designation or inform the challenging party that it will not remove the *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"* designation. Thereafter, but in no event later than seven (7) days after notice from the designating party or third party that it will not remove the designation, the challenging party may move the Court for an Order removing or revising the protections established by this Order. All documents, testimony or other materials designated as *"Confidential" or "Highly Confidential - Attorneys' Eyes Only"*, however, shall retain such status until such time as the parties' contentions regarding the confidentiality of documents or information so designated are fully and finally adjudicated, including such appeal(s), as either party or third party may desire. The designating party or third party shall have the burden of proving the document(s) is entitled to protection.

15.    In the event a party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Protected Information used therein shall be filed under seal with the Court.

16.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as *"Confidential"* or *"Highly Confidential - Attorneys' Eyes Only"* information by a party to or third party required to produce documents or give testimony in this action. The Clerk may return to counsel or destroy any sealed materials at the end of the Litigation.

17.    In the event any person or party that has possession, custody, or control of any Protected Information pursuant to the terms of this Agreed Protective Order receives a subpoena, governmental demand, or other process or order ("Subpoena") to produce such Protected Information, such person or party shall notify by overnight courier (or other means reasonably

calculated to provide as much notice as is practicable but in no event no later than five (5) business days prior to the date of the requested production) the counsel for the party or third party designating the information as Protected Information sought by such Subpoena.  The person or party receiving the Subpoena shall furnish counsel for the designating party or third party with a copy of said Subpoena, and shall cooperate with respect to any procedure sought to be pursued by the party or third party whose interests may be affected.  The party or third party designating the information as Protected Information shall have the burden of defending against such Subpoena.  The person or party receiving the Subpoena shall be entitled to comply with it except:  (a) to the extent the party or third party designating the information as Protected Information is successful in obtaining an order modifying or quashing it or avoiding it pursuant to any relevant rule of procedure or otherwise; and (b) in complying with the Subpoena shall, at a minimum, seek to obtain confidential treatment of the Protected Information before producing it in the other proceeding or action.

18.     Within sixty (60) calendar days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents or any other recordation (whether on paper or electronic) of Protected Information produced by a party or third party that are in the possession of any of the persons who are Qualified Persons pursuant to Paragraph 3, except those in subparagraph 3(d), shall be returned to the producing party or third party, except as this Court may otherwise order as to the extent such information was used as evidence at trial. Moreover, with respect to electronic recordations ("Electronically Stored Information") the parties' counsel shall make reasonable efforts to remove such Electronically Stored Information from counsels' active systems, specifically, active email servers, active document management systems, and active litigation support databases.  The parties' counsel will not be required, however, to remove such Electronically Stored Information from any back up or disaster recover systems, or from any other

- 9 -

source which is not reasonably accessible because of undue burden or cost. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents or information produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or third party, or order of the Court with respect to dissolution or modification of such protective orders.

19.    Each person who reviews or inspects Protected Information or materials subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power by, where required, signing a copy of the attached Acknowledgement signifying agreement to the provisions of this order and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or materials.

20.    Following termination of this litigation, the provisions of this Order relating to the confidentiality of Protected Information shall continue to be binding, except with respect to documents and information which are no longer Protected Information.  This Court retains jurisdiction over all persons provided access to Protected Information for enforcement of the provisions of this Order following termination of this action and the final conclusion of this action.

21.    Neither this Order nor the designation of any item as Protected Information shall be construed as an admission that such materials, or any testimony in respect to such material in deposition or otherwise, would be admissible in evidence in this litigation or in any other proceeding. In addition, this Protective Order does not, of itself, require the production of any information or documents.

- 10 -

22.     Nothing in this Order shall be deemed to preclude any party or third party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.  Nor shall any provision of this order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated.  Nothing in this Order shall prohibit a party's ability to use its own documents.

23.     Violation by any person of any provision of this protective order shall be punishable as contempt of Court.  Further, any party hereto may pursue any and all civil remedies available to him or it for breach of the terms of this order.

**SIGNED AND ENTERED** this _____ day of _____, 2008.


_____
**JUDGE**

WE ASK FOR THIS:

*COUNSEL FOR BAXTER HEALTHCARE CORP.:*

_____

*COUNSEL FOR JOHN BOND:*

_____

## Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BAXTER HEALTHCARE CORPORATION, )
                                      )
         Plaintiff,              )
                                        )    Case No. 08 C 1206
      v.                        )
                                        )    Judge Amy J. St. Eve
JOHN BOND, an individual,        )
                                          )    Magistrate Judge Martin C. Ashman
         Defendant.        )
                                          )

I, _____, declare that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have received a copy of the Agreed Protective Order in this action signed by the presiding judge.

5.    I have carefully read and understand the provisions of the Agreed Protective Order.

6.    I will comply with all of the provisions of the Agreed Protective Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Agreed Protective Order, and will use only for purposes of this action any *"Highly Confidential – Attorney Eyes Only"* and *"Confidential"* information and materials which are disclosed to me.

8.    I will return all *"Highly Confidential – Attorney Eyes Only"* and *"Confidential"*

materials that comes into my possession, and documents or things that I have prepared

relating thereto, to counsel for the party by whom I am employed or retained.

9.    I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the

Agreed Protective Order in this action.


Dated: _____          _____

                                        Printed Name: _____