## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1206 | **DATE** | 3/21/2008 |
| **CASE TITLE** | Baxter vs. Bond | | |

**DOCKET ENTRY TEXT**

The Court adopts Magistrate Judge Ashman's March 6, 2008, R&R ®. 23-1) on Plaintiff's Motion for A Temporary Restraining Order [8].

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

### STATEMENT

　　　Before the Court is Magistrate Judge Ashman's Report and Recommendation ("R&R") regarding Baxter Healthcare Corporations' Motion for a Temporary Restraining Order. Judge Ashman recommended that Plaintiff's motion be granted in part and denied in part. ®. 23-1.) Neither party has objected to Judge Ashman's March 6, 2008, R&R as provided by Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)©. The Court adopts Judge Ashman's R&R.

　　　If a party does not file a timely objection to a R&R, the Court need only satisfy itself that the R&R is not clearly erroneous on the face of the record in order to adopt the Magistrate Judge's recommendation. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir. 1986) (per curiam) (district court may reject magistrate's recommendation even when no objection is made); Fed.R.Civ.P. 72(b) Notes of Advisory Committee on Rules, 1983 Addition ("the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Judge Ashman sets forth detailed, sound reasoning for his ruling. The Court therefore adopts Judge Ashman's March 6, 2008, R&R because it is not clearly erroneous on the face of the record. *See Johnson,* 170 F.3d at 739.