# EXHIBIT B

---

**From:** Chronowski, Louis
**Sent:** Tuesday, March 18, 2008 9:48 AM
**To:** 'Klinghoffer, Jon E.'
**Cc:** Karpeles, Michael; Wexler, Michael
**Subject:** RE: Baxter/Bond

Jon:

Bond's request for Baxter to put a litigation hold on all USB devices of all 332 employees in Baxter's GIS division is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. As we discussed on March 14, Baxter does not contend the mere use of USB devices violates Baxter policies. In fact, Bond requested and was issued at least one USB devices while he was employed by Baxter. Baxter contends that Bond used USB devices in an illegitimate way. Whether or not other Baxter employees used USB devices is irrelevant.

If Bond disagrees with Baxter's position on this issue, Bond should bring this issue to the Court's attention as soon as possible.

Lou Chronowski
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
Direct: (312) 460-5891
Fax:   (312) 460-7891
lchronowski@seyfarth.com

> -----Original Message-----
> **From:** Klinghoffer, Jon E. [mailto:Jon.Klinghoffer@goldbergkohn.com]
> **Sent:** Friday, March 14, 2008 3:31 PM
> **To:** Chronowski, Louis
> **Cc:** Karpeles, Michael
> **Subject:** Baxter/Bond
>
> Lou:
>
> This email is in confirmation of Mike Karpeles' and my conversation with you this morning. During that call, you indicated that you would be getting us a verification of Baxter's interrogatories upon Mr. Riedinger's return from China.
>
> We also had a discussion relating to the Baxter's GIS employees' use of USB storage devices on their Baxter-issued computers. You indicated that the issue relating to Baxter employees' use of USB devices is not that employees are prohibited from using the devices while at work, but rather that they cannot illegally use the devices. Accordingly, you asserted that discovery relating to Baxter's GIS employees' use of USB devices while at work is not relevant to the pending action. Baxter has made objections consistent with your assertion in its responses to Bond's written discovery and refused to produce the USB devices of any current Baxter employee or information relating to such devices.
>
> We believe that your position is not consistent with what was alleged in Baxter's TRO motion and relied upon by Judge Ashman in issuing his Report and Recommendation. Specifically, on page five of Baxter's TRO motion, Baxter states "Bond also was not given permission to attach external devices to his Baxter-issued computer and download Baxter's information to those devices." That same statement also is made in paragraph 35 of Grant Riedinger's deposition. Additionally, during our conversation you stated that the number of times and number of different devices that Bond inserted into his Baxter computer could create

an inference of impropriety. Indeed, Baxter repeatedly made that point in its papers and at oral argument. Moreover, Judge Ashman specifically relied on such evidence in his Report and Recommendation: ".... he connected at least seven external memory devices to his work computer in a period of approximately ten weeks. This is an unusually large number...." For these reasons, among others, it is our position that discovery relating to the use and frequency of use of USB devices by Baxter GIS employees at Baxter's Round Lake facility is appropriate and necessary to enable our client to challenge the inferences being articulated against him. For that reason, Mike advised you regarding the necessity of having Baxter place a litigation hold on the USB devices of Baxter's GIS employees officed at the Round Lake facility. I trust Baxter will act accordingly and ensure that the aforementioned employees' USB devices and information thereon will be preserved.

Jon E. Klinghoffer | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.201.3887 | direct fax 312.863.7887 | jon.klinghoffer@goldbergkohn.com | www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.